IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 7542 |
| | ) | |
| MIDLAND FUNDING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

For the reasons set forth in the Statement section of this Order, plaintiff's "Motion to Reconsider Dismissal of Claims from Amended Complaint" [7] is denied.

Statement

Federal Rule of Civil Procedure 20(a) states:

(1) Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A).

This court does not doubt that the claims of Glenn Childress ("Childress"), Anita Varner ("Varner"), and Pam Schueller ("Schueller") share common questions of law or fact regarding whether the phone system used by Midland Funding LLC ("Midland") to call consumers qualifies as an "Automatic Telephone Dialing System" as defined by the Telephone Consumer Protection Act, thereby satisfying Rule 20(a)(1)(B).

The court continues to doubt, however, that the claims alleged in the Amended Complaint satisfy Rule 20(a)(1)(A)'s requirement that all joined claims must arise out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). In their Amended Complaint, the putative plaintiffs alleged that Midland called Childress, Varner, and Schueller on several separate occasions using an automatic telephone dialing system. (*See* Dkt. No. 4 ("Am. Compl.") ¶¶ 13, 36, 52.) Childress argues that

"Midland's alleged pattern and practice of calling consumers without consent on cellular phones using [an] ATDS" constitutes a shared "series of transactions or occurrences" under Rule 20(a)(1)(A). (Dkt. No. 7 ("Pl.'s Mot.") ¶ 12.)

The Amended Complaint does not allege that Childress, Varner, or Schueller were contacted on the same date or received the same message from Midland. On the contrary, the allegations in the Amended Complaint suggest that each call was tailored to the individual recipient. For example, only Varner alleges that she received "rude automated messages stating something substantially similar to, 'This call is for Anita Varner! If this is not Anita Varner, hang the phone up right now!.'" (Am. Compl. ¶ 45.) Similarly, there is no allegation that the automated calls were part of any cohesive debt collection campaign. *Compare Chapman v. Wagener Equitites, Inc.*, No. 09 C 7299, 2012 WL 6214597, at *7 (N.D. Ill. Dec. 13, 2012) (Tharp, J.) ("Paldo Sign received the defendants' fax advertisement on November 10, 2006, as part of the same fax advertising campaign in which Chapman was involved."); *Desai v. ADT Security Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011) (Bucklo, J.) ("the calls all sought to promote ADT goods and services [and] are alleged to be part of the same 'massive illegal telemarketing campaign'"); *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 745 (N.D. Ill. 2007) (Bucklo, J.) ("Both Italia Foods and Eclipse allegedly received the same facsimile from M and M on at least one occasion, satisfying the same occurrence or transaction requirement of Rule 20."). This case has also not been brought as a class action, further distinguishing it from the cases cited by Childress in support of his motion to reconsider.

Having considered Childress's arguments, this court is not persuaded that use of an automatic telephone dialing system to collect debts, without more, constitutes a "series of transactions or occurrences" for purposes of Rule 20(a)(1)(A).

The court recognizes that certain judicial economies would be achieved if Childress's claims were litigated together with those of Varner and Schueller. It would appear that these efficiencies have been appropriately brought to the attention of the Judicial Panel on Multidistrict Litigation with respect to case number MDL-2286 pending in the Southern District of California. (*See* Dkt. No. 7-1 ("Notice of Tag-Along Actions").) Childress's motion to reconsider this court's order of November 6, 2013, is denied.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Court Judge

Date: November 19, 2013

2